IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ELVIN LEBRON            :
    Petitioner    :   CIVIL NO. 3:CV-15-1339
                  :
  v.              :
                  :   (Judge Conaboy)
                  :
DAVID J. EBBERT,        :
                  :
    Respondent    :

FILED
SCRANTON
JUL 2 7 2015
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

Elvin LeBron, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Lewisburg Warden David J. Ebbert.[1] Accompanying the petition is an in forma pauperis application (Doc. 2). Petitioner will be granted temporary leave to proceed in forma pauperis for the sole purpose of the filing of his Petition with this Court.

Lebron states that he is presently serving a federal sentence which was imposed by the United States District Court for the Southern District of New York on January 3, 2013. See Doc. 1, ¶ 4.

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. Warden Ebbert is Petitioner's custodial official for purposes of § 2242.

1

The Petition also indicates that parole officials of the State of New York have lodged a detainer against Lebron with federal correctional officials.

Petitioner's pending action does not challenge the legality of his underlying federal criminal conviction and sentence. Rather, he claims entitlement to federal habeas corpus relief on the basis that on June 22, 2015 a USP-Lewisburg official allegedly refused to contact New York state parole officials to see if they "intend to take custody of me regarding their detainer."[2] Id. at ¶ 6. Lebron notes that he filed an administrative grievance regarding his pending claim on June 22, 2015 with USP-Lewisburg Counselor Narr which is presently under consideration.

Petitioner indicates that he has been informed that no request will be sent to New York state parole officials until he "is within 60 days of his projected release/maximum expiration date." Id. at p. 7. Due to that decision, Petitioner asserts that he is being denied opportunity for halfway house placement and/or home confinement.[3] As relief, Petitioner requests that the Respondent

---

[2] Petitioner offers no explanation as to why he feels that New York may not wish to proceed with the execution of its detainer.

[3] Pursuant to the Second Chance Act of 2007, 18 U.S.C. §§ 3621, 3624, an inmate is eligible for pre-release placement in a Residential Reentry Center ("RRC" or "halfway house")) from six (6) to twelve (12) months and requires the Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008).

(continued...)

be directed to contact New York state parole officials and inquire as to whether they intend to take custody of Petitioner via their detainer. See id. ¶ 15.

### Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The Rules are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." In this case, it is apparent from the facts of the petition that Lebron is not entitled to relief.

---

[3](...continued)
In making this determination, the following five criteria from 18 U.S.C. § 3621(b) are to be considered: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the sentencing court concerning the purpose for which the sentence was imposed or a recommendation of a particular type of correctional facility; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. 18 U.S.C. § 3621(b).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Based upon a review of the Petition, it appears that Petitioner is contending that a detainer issued by the State of New York is precluding him from eligibility for halfway house placement under the Second Chance Act and that a USP-Lewisburg official Petitioner's request to contact New York parole officials to see if they intend to take Petitioner into custody at the conclusion of his federal custody.[4]

It is initially noted that "[a] federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies." Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)(emphasis added). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is only excused where pursuit of administrative remedies would be

---

[4] A § 2241 petition is "the appropriate procedure under which to challenge the validity of a detainer against an individual in federal custody." Kirkpatrick v. Ohio, Civil Action No. 1:07-CV-2202, 2007 WL 4443219, at *1 (M.D. Pa. Dec. 18, 2007)(Conner, J.). However, lebron makes no argument that the detainer issued in his case is invalid.

4

futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm. Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The Federal Bureau of Prisons (BOP) has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance process by submitting "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred." See 28 C.F.R. § 542.14(a) (1998). The Warden has twenty (20) calendar days from the date the Request or Appeal is filed in which to respond. Id. at § 542.18.

If not satisfied with the Warden's response, an inmate may appeal (step two) on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response. Id. at § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed (step three) on the appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

Lebron's pending § 2241 petition is dated June 29, 2015,[5] and will be deemed filed as of that date.  See Houston v Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court).  It is also undisputed that Petitioner is challenging a decision by a USP-Lewisburg official which was  allegedly made on June 22, 2015 and was thereafter the subject of a June 29, 2015 administrative grievance.  See Doc. 1, ¶ 7.

The Court of Appeals for the Third Circuit has repeatedly recognized that a federal prisoner must exhaust available administrative remedies before seeking habeas corpus relief in federal court.  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  In a more recent ruling, the Court of Appeals for the Third Circuit affirmed the dismissal of a § 2241 petition that, like Lebron's petition, had been filed before administrative remedies had been exhausted.  Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006).  Unless it would be futile to pursue administrative remedies, courts have rejected attempts to obtain judicial relief by prisoners who have disregarded the administrative remedy process.  See  Ramsey v. United States, No. Civ. 1:CV-05-1476, 2006 WL 1412767 at *1 (M.D. Pa. May 22, 2006)(Caldwell, J.); Porte v. Warden, FCI-Allenwood, No. Civ. 4:CV-04-1534, 2006 WL 47654 at *3-5 (M.D. Pa. Jan. 9, 2006)(Jones, J.).

---

[5]   See Doc. 1, p. 10.

Based upon the time line set forth in the Petition, Lebron initiated this federal habeas corpus action on the same day he filed a BOP administrative grievance. There is no indication in the record that it would be futile for Petitioner to fully exhaust his BOP administrative remedies and none of the other exceptions outlined in Lyons exist. Lebron has also not demonstrated any basis as to why he should be excused from the exhaustion requirement.

Under the circumstances presented here, Petitioner's action is premature under the standards developed in Moscato and Ridley. See Murray v. Grondolsky 2009 WL 2044821 *2 (D.N.J. 2009)(sua sponte dismissal of § 2241 action for non-exhaustion of administrative remedies); Morgan v. Borough of Carteret, 2008 WL 4149640 *5 (D.N.J. 2008) (sua sponte dismissal for non-exhaustion of administrative remedies). To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process before completing administrative review. Upon full exhaustion of his available BOP administrative remedies, Petitioner, if appropriate, may reassert his instant federal habeas claim.

Moreover, even if the exhaustion requirement was satisfied or excused in the pending case,[6] it is clear that Petitioner is not entitled to relief as he does not challenge the legality of either

---

[6] See Cerverizzo v. Yost, 380 Fed. Appx. 115 (3d Cir. 2010).

his federal sentence or New York state detainer.[7]  Finally, since Petitioner states that his federal sentence was imposed on January 3, 2013, it is also not apparent as to whether, absent the presence of the state detainer, he would presently be eligible for halfway house placement consideration under the Second Chance Act.  Since the pending petition is clearly premature, it will be dismissed.  An appropriate order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: JULY 27, 2015

---

[7] It is noted that a § 2241 petition is "the appropriate procedure under which to challenge the validity of a detainer against an individual in federal custody." Kirkpatrick v. Ohio, Civil Action No. 1:07-CV-2202, 2007 WL 4443219, at *1 (M.D. Pa. Dec. 18, 2007)(Conner, J.).  However, such a petition must be brought, not in the jurisdiction in which the inmate's current custodian is found, but in the jurisdiction in which the state official lodging the detainer is located. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).